# IN THE STATE COURT OF DEKALB COUNTY
# STATE OF GEORGIA

| | | |
|---|---|---|
| COMANEKA SANDERS; | § § § § § § § § § § § § § § § § | CIVIL ACTION |
| Plaintiff, | | |
| VS. | | FILE NO. 22A03288 _____ |
| LYNN LOYD TRUCKING LLC; PROGRESSIVE COMMERCIAL ADVANTAGE AGENCY, INC.; WALTER HANCOCK; LYNN LOYD; AND SOUTHWEST MISSISSIPPI FARMS LLC; | | **JURY TRIAL DEMANDED** |
| Defendants. | | |

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF Comaneka Sanders ("Plaintiff"), by and through her counsel of record and files this her Complaint for Damages showing this Honorable Court as follows:

1. This is an action for personal injury damages arising out of a motor vehicle collision that occurred on or about August 28, 2021, in DeKalb County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Comaneka Sanders is a resident of Henry County, Georgia.

3. Plaintiff Comaneka Sanders sustained personal injuries as a result of a motor vehicle collision that occurred very early morning on August 28, 2021, on Interstate 285 near the Bouldercrest Road exit, in DeKalb County, Georgia.

4. Defendant Lynn Loyd Trucking, LLC ("Lynn Loyd Trucking") is a foreign limited liability company doing business in the state of Georgia.

COMPLAINT FOR DAMAGES – Page 1

STATE COURT OF
DEKALB COUNTY, GA.
8/30/2022 3:22 PM
E-FILED
BY: Monica Gay

16 Pages FAXED Tue, 30 Aug 2022 22:13:33 GMT

PAGE 2/16 * RCVD AT 8/30/2022 5:58:52 PM [Eastern Daylight Time] * SVR:SCRFXP14/1 * DNIS:8339051750 * CSID: * ANI:9723543452 * DURATION (mm-ss):10-11

5. Lynn Loyd Trucking may be served through its registered agent, Willie C. Gallager, 102 Laurel Street, Suite A, P.O. Box 613, McComb, Pike County, Mississippi 39649.

6. Once served with process, Lynn Loyd Trucking is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 40-1-117(b), because this action may be brought in the county where the cause of action or some part thereof arose.

7. Lynn Loyd Trucking was properly served with process in this civil action.

8. Lynn Loyd Trucking was sufficiently served with process in this civil action.

9. Lynn Loyd Trucking is subject to the jurisdiction of this Court.

10. At all times material hereto, Defendant Lynn Loyd Trucking was not permitted to operate a commercial vehicle over the public roadways unless it, as a motor carrier, had obtained and had in effect the minimum levels of financial responsibility as set forth in 49 CFR § 387.9. as adopted by the State of Georgia.

11. At all times material hereto, Defendant Lynn Loyd Trucking was required by 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle liability insurance.

12. At all times material hereto, Defendant Lynn Loyd Trucking was required by 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle liability insurance with liability limits of one million dollars.

13. At all times material hereto, Defendant Lynn Loyd Trucking had in effect a policy of motor vehicle insurance with liability limits of one million dollars that was issued by Defendant Progressive Commercial Advantage Agency, Inc.

COMPLAINT FOR DAMAGES – Page 2

PAGE 3/16 * RCVD AT 8/30/2022 5:58:52 PM [Eastern Daylight Time] * SVR:SCRFXP14/1 * DNIS:8339051750 * CSID: * ANI:9723543452 * DURATION (mm-ss):10-11

16 Pages FAXED Tue, 30 Aug 2022 22:13:33 GMT

14. At the time of the collision described in this Complaint, Defendant Lynn Loyd Trucking had automobile liability coverage for compensatory damages that were caused through the negligent operation of the commercial vehicle that Defendant Lynn Loyd Trucking was operating at the time of the subject collision.

15. The liability coverage for the collision described in this Complaint is being provided to Defendant Lynn Loyd Trucking through a primary policy of insurance issued by Progressive Commercial Advantage Agency, Inc., which provides coverage to Defendant Lynn Loyd Trucking for compensatory damages, including bodily injury, that were caused through the negligent operation of the commercial vehicle that Defendant Lynn Loyd Trucking. was operating at the time of the subject collision.

16. The liability coverage for the collision described in this Complaint is being provided to Defendant Lynn Loyd Trucking through a primary policy of insurance issued by Progressive Commercial Advantage Agency, Inc. and further identified as Policy Number 00994825-2, which provides coverage to Defendant Lynn Loyd Trucking for compensatory damages, including bodily injury, that were caused through the negligent operation of the commercial vehicle that Defendant Lynn Loyd Trucking was operating at the time of the subject collision.

17. Defendant Progressive Commercial Advantage Agency, Inc. is subject to the jurisdiction of this Court and Plaintiff's claims for compensation for the negligence of its Co-defendant insured, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140 and Georgia law, because Progressive Commercial Advantage Agency, Inc. was the insurer providing primary liability coverage for the Defendant motor carrier Lynn Loyd Trucking at the time of the collision described in this Complaint.

COMPLAINT FOR DAMAGES – Page 3

18. Progressive Commercial Advantage Agency, Inc. may be served with summons and complaint through its registered agent for service of process: C T Corporation System, at 289 Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

19. Defendant Progressive Commercial Advantage Agency, Inc. does business and maintains agents in DeKalb County, Georgia.

20. Defendant Progressive Commercial Advantage Agency, Inc. does business in DeKalb County through its multiple agents.

21. Once served with process as described in this paragraph, Progressive Commercial Advantage Agency, Inc. is subject to the jurisdiction and venue of this Court.

22. Progressive Commercial Advantage Agency, Inc. may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

23. Progressive Commercial Advantage Agency, Inc. was properly served with process in this civil action.

24. Progressive Commercial Advantage Agency, Inc. was sufficiently served with process in this civil action.

25. Venue in the above-styled civil action is proper as to Progressive Commercial Advantage Agency, Inc. in this County and Court.

26. Defendant Walter Hancock ("Hancock") resides at 11419 Ard Lane, Hammond, Tangipahoa Parish, Louisiana 70403 and may be served with a copy of the summons and complaint at this address.

COMPLAINT FOR DAMAGES – Page 4

16 Pages FAXED Tue, 30 Aug 2022 22:13:33 GMT

PAGE 5/16 * RCVD AT 8/30/2022 5:58:52 PM [Eastern Daylight Time] * SVR:SCRFXP14/1 * DNIS:8339051750 * CSID: * ANI:9723543452 * DURATION (mm-ss):10-11

27. Once served with process, Hancock is subject to the jurisdiction and venue of this Honorable Court pursuant to the terms of the Georgia Non-Resident Motorist Act O.C.G.A. § 40-12-1.

28. Defendant Lynn Loyd ("Loyd") resides at 78640 McElveen Road, Kentwood, Tangipahoa Parish, Louisiana 70444 and may be served with a copy of the summons and complaint at this address.

29. Once served with process, Loyd is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 40-1-117(b), because this action may be brought in the county where the cause of action or some part thereof arose.

30. Loyd was properly served with process in this civil action.

31. Loyd was sufficiently served with process in this civil action.

32. Loyd is subject to the jurisdiction of this Court.

33. Defendant Southwest Mississippi Farms LLC ("Southwest Mississippi Farms") is a foreign limited liability company doing business in the state of Georgia.

34. Southwest Mississippi Farms may be served through its registered agent, Dudley F. Lampton at 246 West Gallatin Street, PO Box 190, Hazlehurst, Copiah County, Mississippi 39083.

35. Once served with process, Southwest Mississippi Farms is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 40-1-117(b), because this action may be brought in the county where the cause of action or some part thereof arose.

36. Once served with process, Southwest Mississippi Farms is subject to the jurisdiction of this Court.

COMPLAINT FOR DAMAGES – Page 5

PAGE 6/16 * RCVD AT 8/30/2022 5:58:52 PM [Eastern Daylight Time] * SVR:SCRFXP14/1 * DNIS:8339051750 * CSID: * ANI:9723543452 * DURATION (mm-ss):10-11

37. Southwest Mississippi Farms was properly served with process in this civil action.

38. Southwest Mississippi Farms was sufficiently served with process in this civil action.

39. Southwest Mississippi Farms is subject to the jurisdiction of this Court.

40. Venue in the above-styled civil action is proper in this County and Court.

## FACTS

41. Plaintiff re-alleges and incorporate the preceding paragraphs as if fully set forth herein.

42. On August 28, 2021, in the very early morning, Plaintiff Comaneka Sanders was operating her vehicle eastbound on Interstate 285, in DeKalb County, Georgia.

43. On August 28, 2021, in the very early morning, Defendant Walter Hancock was operating his commercial vehicle on Interstate 285 in the same lane and traveling in the same direction as Plaintiff.

44. On August 28, 2021, in the very early morning, Defendant Walter Hancock followed too closely and collided hard with the rear of Plaintiff's vehicle.

45. On August 28, 2021, in the very early morning, Defendant Walter Hancock fled the scene of the wreck.

46. As a result of the collision, Plaintiff Comaneka Sanders was injured and continues to suffer injuries and damages from this incident.

47. At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

COMPLAINT FOR DAMAGES – Page 6

16 Pages FAXED Tue, 30 Aug 2022 22:13:33 GMT

PAGE 7/16 * RCVD AT 8/30/2022 5:58:52 PM [Eastern Daylight Time] * SVR:SCRFXP14/1 * DNIS:8339051750 * CSID: * ANI:9723543452 * DURATION (mm-ss):10-11

48. Defendant Walter Hancock was an employee and/or agent of Defendants Lynn Loyd Trucking, Lynn Loyd, and/or Southwest Mississippi Farms.

49. Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

50. Defendants are 100% at fault for causing the subject collision.

51. No act or failure to act on the part of Plaintiff caused or contributed to the cause of the subject collision.

52. No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

53. No act or failure to act on the part of Plaintiff caused or contributed to the cause of Plaintiff's injuries and/or damages.

54. No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's injuries and/or damages.

55. Plaintiff was an innocent victim of the collision described in this Complaint.

56. Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

57. As a result of the collision, Plaintiff has suffered serious and permanent injuries and damages.

### COUNT I: NEGLIGENCE OF DEFENDANT WALTER HANCOCK

58. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

59. At all relevant times, Walter Hancock owed the following civil duties to Plaintiff but violated those duties in the following ways:

COMPLAINT FOR DAMAGES – Page 7

PAGE 8/16 * RCVD AT 8/30/2022 5:58:52 PM [Eastern Daylight Time] * SVR:SCRFXP14/1 * DNIS:8339051750 * CSID: * ANI:9723543452 * DURATION (mm-ss):10-11

a. Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b. Failing to keep an assured safe distance from Plaintiff's vehicle;

c. Failing to timely apply the brakes of his commercial vehicle;

d. Failing to control his speed;

e. Failing to remain at the scene of the collision;

f. Failing to maintain proper control of his commercial vehicle;

g. Failing to keep a proper lookout for traffic;

h. Failing to make reasonable and proper observations while driving;

i. Failing to safely operate his commercial vehicle;

j. Failing to obey traffic laws;

k. Operating a cellular mobile device while driving; and

l. Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

60. Defendant Walter Hancock was also negligent *per se* in that he violated a number of laws and regulations governing his operation of his commercial vehicle, including:

a. Distracted Driving (O.C.G.A. § 40-6-241);

b. Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

c. Failure to Drive his Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

d. Failure to remain at the scene of the accident (O.C.G.A. § 40-6-270);

e. Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

f. Reckless Driving (O.C.G.A. § 40-6-390).

COMPLAINT FOR DAMAGES – Page 8

PAGE 9/16 * RCVD AT 8/30/2022 5:58:52 PM [Eastern Daylight Time] * SVR:SCRFXP14/1 * DNIS:8339051750 * CSID: * ANI:9723543452 * DURATION (mm-ss):10-11

16 Pages FAXED Tue, 30 Aug 2022 22:13:33 GMT

61. As a result of Walter Hancock's negligence, Plaintiff has suffered severe and permanent damages.

62. As a direct and proximate result of the negligence and negligence *per se* of Walter Hancock, Plaintiff is entitled to recover special damages, including but not limited to:

   a. Medical expenses in the past and in the future, in an amount that will be proved at trial;

   b. Property damage and loss of use of Plaintiff's vehicle, in an amount that will be proved at trial;

63. Plaintiff is also entitled to recover for her general damages, including but not limited to:

   a. Shock of impact;

   b. Disability;

   c. Loss of enjoyment of life;

   d. Physical impairment in the past and future;

   e. Physician pain and suffering in the past and future; and

   f. Mental anguish in the past and future.

## COUNT II: NEGLIGENCE OF DEFENDANTS LYNN LOYD TRUCKING LLC, LYNN LOYD, AND SOUTHWEST MISSISSIPPI FARMS

64. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

65. At all times material hereto, Walter Hancock was an employee of Defendants Lynn Loyd Trucking, Lynn Loyd, and/or Southwest Mississippi Farms.

COMPLAINT FOR DAMAGES – Page 9

PAGE 10/16 * RCVD AT 8/30/2022 5:58:52 PM [Eastern Daylight Time] * SVR:SCRFXP14/1 * DNIS:8339051750 * CSID: * ANI:9723543452 * DURATION (mm-ss):10-11

66. At all times material hereto, Walter Hancock was acting within the scope and course of his employment with Defendants Lynn Loyd Trucking, Lynn Loyd, and/or Southwest Mississippi Farms.

67. At all times material hereto, Walter Hancock was an agent of Defendants Lynn Loyd Trucking, Lynn Loyd, and/or Southwest Mississippi Farms.

68. At all times material hereto, Walter Hancock was acting within the scope and course of his agency with Defendants Lynn Loyd Trucking, Lynn Loyd, and/or Southwest Mississippi Farms.

69. At all times material hereto, Walter Hancock was authorized by Defendants Lynn Loyd Trucking, Lynn Loyd, and/or Southwest Mississippi Farms to operate the commercial vehicle that was involved in the collision described in this Complaint.

70. Defendants Lynn Loyd Trucking, Lynn Loyd, and/or Southwest Mississippi Farms are liable for the negligent actions and omissions of Walter Hancock pursuant to the doctrine of *respondeat superior*.

71. Defendants Lynn Loyd Trucking, Lynn Loyd, and/or Southwest Mississippi Farms were the owners of the commercial vehicle operated by Walter Hancock and are therefore liable for damages caused in this case.

72. Defendants Lynn Loyd Trucking, Lynn Loyd, and/or Southwest Mississippi Farms were also themselves negligent in the following ways:

   a. Negligently hiring or contracting with Defendant Walter Hancock to drive the commercial vehicle at issue;

   b. Negligently training Walter Hancock;

COMPLAINT FOR DAMAGES – Page 10

PAGE 11/16 * RCVD AT 8/30/2022 5:58:52 PM [Eastern Daylight Time] * SVR:SCRFXP14/1 * DNIS:8339051750 * CSID: * ANI:9723543452 * DURATION (mm-ss):10-11

16 Pages FAXED Tue, 30 Aug 2022 22:13:33 GMT

    c. Negligently entrusting Walter Hancock to drive the commercial vehicle professionally;

    d. Negligently retaining Walter Hancock to drive the commercial vehicle at issue;

    e. Negligently qualifying Walter Hancock;

    f. Failing to supervise Walter Hancock; and

    g. Otherwise failing to act as a reasonably prudent company under the circumstances.

73. As a direct and proximate result of the negligence of Defendant Walter Hancock and Defendants Lynn Loyd Trucking, Lynn Loyd and/or Southwest Mississippi Farms in the ensuing collision, Plaintiff sustained severe and permanent injuries and damages.

74. Defendants are liable for all damages allowed by law for the damages and losses sustained by Plaintiff.

### COUNT III: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

75. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

76. Defendants Lynn Loyd Trucking, Lynn Loyd and/or Southwest Mississippi Farms and/or their driver, Walter Hancock, acted in a manner which either alone, and/or combined and concurring with the actions of the other such Defendant's acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries and damages.

77. As a direct and proximate result of the negligence of Defendants Lynn Loyd Trucking, Lynn Loyd and/or Southwest Mississippi Farms and their driver, Walter

COMPLAINT FOR DAMAGES – Page 11

PAGE 12/16 * RCVD AT 8/30/2022 5:58:52 PM [Eastern Daylight Time] * SVR:SCRFXP14/1 * DNIS:8339051750 * CSID: * ANI:9723543452 * DURATION (mm-ss):10-11

16 Pages FAXED Tue, 30 Aug 2022 22:13:33 GMT

Hancock, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

78. As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, property damage and loss of use, and loss of earning capacity, and other necessary expenses, as well as fair and full compensation for all pain and suffering in the past and future including physical pain, mental anguish and mental and emotional suffering in the past and future, shock of impact, disability, worry, anxiety, loss of enjoyment of life, physical impairment in the past and future, and other categories of damages provided for under the law.

## COUNT IV: LIABILITY OF DEFENDANT PROGRESSIVE COMMERCIAL ADVANTAGE AGENCY, INC.

79. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

80. At the time of the collision described in this Complaint, Progressive Commercial Advantage Agency, Inc. provided primary, motor vehicle liability coverage to Defendant Lynn Loyd Trucking.

81. At the time of the collision described in this Complaint, Defendant Progressive Commercial Advantage Agency, Inc. provided primary, motor vehicle liability coverage to Defendant Lynn Loyd Trucking and to its driver, Walter Hancock.

COMPLAINT FOR DAMAGES – Page 12

PAGE 13/16 * RCVD AT 8/30/2022 5:58:52 PM [Eastern Daylight Time] * SVR:SCRFXP14/1 * DNIS:8339051750 * CSID: * ANI:9723543452 * DURATION (mm-ss):10-11

82. At the time of the collision described in this Complaint, in the event of a motor vehicle collision involving Defendant Lynn Loyd Trucking's commercial vehicle that was involved in the subject collision, Defendant Progressive Commercial Advantage Agency, Inc. provided primary, motor vehicle liability coverage to Defendant and to its driver, Defendant Walter Hancock.

83. Defendant Progressive Commercial Advantage Agency, Inc. provided primary liability coverage to Defendant Lynn Loyd Trucking in the event of a motor vehicle collision involving Defendant's commercial vehicle that was involved in the subject collision, as well as to Defendant Lynn Loyd Trucking's employees and/or agents, including Defendant Walter Hancock.

84. Plaintiff is a third-party beneficiary under said contract or policy of liability insurance.

85. Plaintiff is entitled to receive payments from Defendant Progressive Commercial Advantage Agency, Inc. for the tort liability of Defendant Lynn Loyd Trucking and its driver, Walter Hancock, in this civil action.

## COUNT V: PUNITIVE DAMAGES

86. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

87. Defendants Lynn Loyd Trucking, Lynn Loyd and/or Southwest Mississippi Farms and their driver, Walter Hancock's acts were knowing, willful, wanton, and/or demonstrated that entire want of care, which raises the presumption of a conscious indifference to consequences.

COMPLAINT FOR DAMAGES – Page 13

PAGE 14/16 * RCVD AT 8/30/2022 5:58:52 PM [Eastern Daylight Time] * SVR:SCRFXP14/1 * DNIS:8339051750 * CSID: * ANI:9723543452 * DURATION (mm-ss):10-11

88. The actions of Defendants Lynn Loyd Trucking, Lynn Loyd and/or Southwest Mississippi Farms and their driver, Walter Hancock, as set forth herein, were done intentionally, knowingly and willfully with a reckless and wanton disregard to the consequences and damages that would be caused to others and/or which would raise the presumption of conscious indifference to consequences of their misconduct.

89. Accordingly, Defendants Lynn Loyd Trucking, Lynn Loyd and/or Southwest Mississippi Farms and their driver, Walter Hancock, are liable to the Plaintiff for punitive damages to punish, penalize, and deter others from similar conduct in the future.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a) A trial by jury;

b) For Summons and Complaint to issue against each Defendant;

c) For judgment against each Defendant to compensate Plaintiff for past and future injuries and damages;

d) For judgment against each Defendant for attorneys' fees and expenses of litigation;

e) For judgment against Defendant motor carrier and its driver for punitive damages as shown to be fair and appropriate at the trial of this case;

f) Court costs, discretionary costs, and prejudgment interest; and

g) For all such further and general relief which this Court deems just and proper.

Dated this 30th day of August, 2022.

WLG ATLANTA, LLC

/s/ Rob Loar
ROB LOAR
GEORGIA STATE BAR NUMBER 602484
ATTORNEY FOR PLAINTIFF

STATE COURT OF
DEKALB COUNTY, GA.
8/30/2022 3:22 PM
E-FILED
BY: Monica Gay

COMPLAINT FOR DAMAGES – Page 14

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE: 470-881-8804
FACSIMILE: 470-575-2792
E-MAIL: ROB.LOAR@WITHERITELAW.COM

COMPLAINT FOR DAMAGES – Page 15

16 Pages FAXED Tue, 30 Aug 2022 22:13:33 GMT

PAGE 16/16 * RCVD AT 8/30/2022 5:58:52 PM [Eastern Daylight Time] * SVR:SCRFXP14/1 * DNIS:8339051750 * CSID: * ANI:9723543452 * DURATION (mm-ss):10-11